E-FILED
Sunday, 22 May, 2016  04:39:19 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| RAFAEL TREUJELLO QUALLS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-01164 |
| T-H PROFESSIONAL & MEDICAL COLLECTIONS, LTD., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR RELIEF PURSUANT
## TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, RAFAEL TREUJELLO QUALLS ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of T-H PROFESSIONAL & MEDICAL COLLECTIONS, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and all of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4.   Plaintiff is a 56 year old natural person residing at 2510 W. Starr Street, Peoria, Illinois, which falls within the Central District of Illinois.

5.   Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6.   Plaintiff suffers from a variety of physical issues including arthritis in both hips, degenerative disk disease, diabetes, intestinal infections, and high blood pressure.  Due to his various conditions, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

7.   Defendant is a third-party collection agency specializing in the recovery of defaulted medical debt.  From its headquarters at 2015 W. Glen Avenue, Suite 130, Peoria, Illinois, 2502, Defendant is in the business of collecting the delinquent consumer debts of its clients, including medical debt allegedly owed by Plaintiff.

8.   Defendant is a Nevada private company that is registered with the Illinois Secretary of State bearing file number 52439108.

9.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10.  Defendant has been a member of the Association of Credit and Collection Professionals since 1990.[1]

## FACTS SUPPORTING CAUSES OF ACTION

11.   Due to his conglomeration of health problems, Plaintiff has incurred a large amount of medical debt owed to various healthcare providers that he has not been able to satisfy.  As a result, he receives regular telephone calls and correspondences from various parties seeking

---

[1] http://www.acainternational.org/memberdirectory.aspx

payment of his medical debt.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12.   Upon information and belief, many of Plaintiff's medical providers have turned the collection of their debt over various third-party collection agencies, including Defendant.

13.   In an effort to evaluate his financial liabilities, Plaintiff pulled his credit report. Included on the credit report was an entry with Defendant's name.  *See* Exhibit A.

14.   On May 17, 2016, Plaintiff called Defendant at phone number (309) 691-6640 to get information as to why it was on his credit report.  Upon calling, Plaintiff was connected to a female representative of Defendant named Mel.  *Id.*

15.   After Plaintiff provided Mel with his social security number, he was transferred to a different female representative of Defendant named Faith.  *Id.*

16.   Plaintiff told Faith that he had pulled his credit report and was seeking information. Faith responded that that Plaintiff owed 16 different accounts totaling $13,831.72 ("subject consumer debt").  *Id.*

17.   Upon Plaintiff hearing the balance of the subject consumer debt, he inquired into the availability of settlement options.  Faith advised that she could get the balance of the subject consumer debt down to $7,500.00.  *Id.*

18.   Faith represented that the settlement offer of $7,500.00 was a one-time invitation that had to be accepted that day.  *Id.*

19.   At no point during the May 17, 2016 telephone call was Plaintiff advised that Defendant was acting as a debt collector with respect to the subject consumer debt.  *Id.*

20.   Upon information and belief, Defendant routinely fails to provide the above disclosure to consumers during its telephonic debt collection activity.

21. Plaintiff spoke with CLP regarding the substance of the May 17, 2016 telephone call.

22. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

23. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

24. Plaintiff has been misled by Defendant's collection actions, resulting in the risk of concrete harm.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

27. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the May 17, 2016 call. As Plaintiff's affidavit states, Defendant did not advise him that it was acting in the capacity of a debt collector with regards to the subject consumer debt. This disclosure is mandated by the FDCPA in all communications between debt collectors and consumers.

28. Given his extensive health problems, Plaintiff is regularly contacted by multiple parties seeking payment of medical debt. These parties include both original creditors as well as third-party agencies. The numerous contacts make it very difficult for Plaintiff to fully comprehend

4

the exact identity of the party he is speaking to without being properly advised.  By failing to disclose its identity as a debt collector, Defendant contributed to Plaintiff's confusion.

29.   As an experience and sophisticated debt collector, Defendant knows that it is required to make the above disclosures.  Plaintiff asserts that Defendant routinely ignores these disclosures during its telephonic debt collection practices.  Two different representatives had an opportunity to properly advise Plaintiff and failed to do so.  It appears that Defendant's practice is to not disclose its status as a debt collector during incoming calls from consumers.

30.   Defendant gains an unfair advantage by failing to fully advise of its status as a debt collector as consumers are more likely to pay an original creditor than a third-party.  Plaintiff was unfairly mislead, resulting in exposure to actual harm due to Defendant's conduct.

31.   The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
> 15 U.S.C. §1692e(10).

32.   Defendant violated 15 U.S.C. §§1692e, e(10), and f during the May 17, 2016 call. During this call, Defendant represented to Plaintiff that the subject consumer debt could be settled for $7,500.00 but that the offer was good on that day only.  Plaintiff alleges that this imposed time restriction was artificial and generically stated by Defendant in order to create a false sense of urgency regarding settlement of the subject consumer debt.

33.   Defendant was under no obligation to offer Plaintiff a settlement option.  However, once Defendant elected to do so, the FDCPA imposes an affirmative duty to make the statements surrounding the settlement offer true.  Defendant represented to Plaintiff that the settlement offer

of $7,500.00 expired at the end of the day.  It is beyond a plausible coincidence that Plaintiff happened to call Defendant on the very day its settlement offer expired.  Rather, Defendant falsely imposed an artificial deadline on Plaintiff in order to coerce payment of the subject consumer debt.

34.   As plead in paragraphs 21 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal collection actions.

WHEREFORE, Plaintiff, RAFAEL TREUJELLO QUALLS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 22, 2016                              Respectfully Submitted,

                                                 s/ Nathan C. Volheim
                                                 Nathan C. Volheim, Esq. #6302103
                                                 David S. Klain, Esq. #66305
                                                 Counsel for Plaintiff
                                                 Admitted in the Central District of Illinois
                                                 Consumer Law Partners, LLC
                                                 435 N. Michigan Ave., Suite 1609
                                                 Chicago, Illinois 60611
                                                 (267) 422-1000 (phone)
                                                 (267) 422-2000 (fax)
                                                 nate.v@consumerlawpartners.com
                                                 davidklain@aol.com