UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RAFAEL TREUJELLO QUALLS,  )<br>         Plaintiff,   ) | |
| ) | Case No. 1:16-cv-01164-JES-JEH |
| v.   ) | |
| ) | Honorable Judge James E. Shadid |
| T-H PROFESSIONAL & MEDICAL   )<br>COLLECTIONS, LTD.,   ) | Magistrate Judge Honorable |
|         Defendant.   ) | Jonathan E. Hawley |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*NOW COMES* the Defendant, T-H PROFESSIONAL & MEDICAL COLLECTIONS, LTD., a Nevada corporation ("Defendant"), by its attorney, DORIAN B. LASAINE, and for its Motion for Summary Judgment, states as follows:

1. A plaintiff has the burden of establishing all necessary elements and must support each element "with the manner and degree of evidence required at the successive stages of the litigation."[...] At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Lujan v. Defenders of

Wildlife, 504 U.S. at 561, 112 S.Ct. 2130 (1992).

2. That in order to satisfy standing pursuant to Article III of the U.S. Constitution, a Plaintiff must allege injury-in-fact, or particularized concrete harm. Said harm is not necessarily implied by violation of a federal statute. See Spokeo v. Robins, 136 S. Ct. at 1550 (2016) ("A violation of one of [a federal statute]'s procedural requirements may result in no harm."). In Spokeo, the Supreme Court clarified the requirements for standing and noted that the injury must be concrete — that is "de facto ... it must actually exist." Id, at 1548. The Court elaborated that "concrete" is not necessarily "tangible," but a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id, at 1549.

3. That courts have already begun dismissing cases determined to have failed the Spokeo test. See, e.g., Noble v. Nevada Checker CAB Corp., No. 215CV02322RCJVCF, 2016 WL 4432685, at *4 (D. Nev. Aug. 19, 2016) ("Plaintiffs have no standing to complain of the putative technical violations of the statute alleged here, because the putative violations created no `concrete' harm of the type sought to be prevented by Congress, and Plaintiffs have not separately alleged any actual harm.")

4. The Plaintiff, RAFAEL TREUJELLO QUALLS, alleges that the Defendant violated sections of the Fair Debt Collection Practices Act, 15 USC § 1692 *et al* ("FDCPA"), alleging specifically that the Defendant did not give the mini Miranda warning, i.e., disclosing its identity as a debt collector, and that the settlement offer made by the Defendant carried an "artificial and generically

stated" time restriction in order to coerce payment. (Plaintiff's Complaint, paras. 27 and 32.)

5. The Plaintiff, in response to paragraph 5 of Defendant's Requests to Admit, admitted that "(he) did not have the ability to pay the alleged subject settlement offer of $7,500 referenced in your Complaint." See attached Requests to Admit and Plaintiff's Responses.

6. That, furthermore, Plaintiff has confirmed under oath that he had no assets or income at the time. See attached Deposition of Rafael Qualls, pg. 54.

7. Given that the Plaintiff was unable to pay the settlement and was not in fact coerced into the settlement, the discussion of the settlement was merely academic, and any misunderstanding of the settlement's terms on the Plaintiff's part caused no concrete harm to him, nor did it expose him to any risk of concrete harm.

8. Likewise, the Plaintiff's allegedly not being told the mini Miranda did not cause any concrete harm.

9. That the word "Collections" is in the name of the Defendant, which the Defendant read prior to making the phone call, and so the Plaintiff had actual notice that he was talking to a debt collector. (Plaintiff's Complaint, para. 13.)

10. That the question of whether Plaintiff understood he was talking to a debt collector is to be viewed through the eyes of the "least sophisticated consumer." See Evory v. RJM Acquisitions Funding LLC, 505 F.3d at 774 (7th Cir. 2007) ("The standpoint is not that of the least intelligent consumer in this nation of 300 million people, [...] but that of the average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence.")

11. Even if, *arguendo*, the Plaintiff didn't -- or least sophisticated consumer wouldn't -- understand that the Defendant was a debt collector, this lack of knowledge caused the Plaintiff no particularized concrete harm.

12. The Plaintiff has failed to allege with particularity any way in which said failure caused him concrete harm beyond costs and expenses of this litigation, confusion and unspecified "financial loss." (Plaintiff's Complaint, paras. 22-24.)

13. That allowing costs of litigation to qualify a Plaintiff for standing would essentially render that requirement moot and Plaintiff has not identified with particularity any "financial loss" to satisfy Article III standing.

WHEREFORE, Defendant, T-H PROFESSIONAL & MEDICAL COLLECTIONS, LTD., a Nevada corporation, respectfully requests this Honorable Court to enter judgment in its favor, for attorney's fees reasonable in relation to the work expended and costs as provided under 15 U.S.C. 1692k(a)(3), and for any further relief as this court finds just and equitable.

Respectfully submitted,

T-H PROFESSIONAL & MEDICAL COLLECTIONS, LTD.,
Defendant,

s/ Dorian B. LaSaine
DORIAN B. LASAINE, Esq.
Counsel for Defendant
Admitted in the Central District of Illinois
456 Fulton Street
210 Twin Towers Plaza

Peoria, Illinois  61602

Fax:  (309) 674-6449

Phone: (309) 674-6331

Email: lasainelaw@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2017, I electronically filed the foregoing Rule 56 Motion for Summary Judgment, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Counsel for Plaintiff

Daniel M. Spector of Consumer Law Partners, LLC

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Counsel for Plaintiff

Daniel M. Spector of Consumer Law Partners, LLC

435 N. Michigan Ave., Ste. 1609

Chicago, Illinois 616011

s/ Dorian B. LaSaine

DORIAN B. LASAINE, Esq.

Counsel for Defendant

Admitted in the Central District of Illinois

456 Fulton Street

210 Twin Towers Plaza

Peoria, Illinois  61602

Fax:  (309) 674-6449

Phone: (309) 674-6331

Email: lasainelaw@gmail.com