UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAFAEL TREUJELLO QUALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-01164-JES-JEH |
| ) | |
| T-H PROFESSIONAL & MEDICAL ) | |
| COLLECTIONS, LTD. ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant, T-H Professional & Medical Collections, Ltd.'s, Motion for Summary Judgment. For the reasons set forth below, Defendant's Motion [19] is GRANTED.

### BACKGROUND[1]

On May 22, 2016, Plaintiff Qualls filed a Complaint against T-H Professional & Medical Collections, Ltd. ("T-H"), seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Doc. 1. According to the Complaint and Response to the Motion for Summary Judgment, Plaintiff is an individual with numerous health problems. *Id.*, Doc. 21. He is unable to work due to his health issues and was awarded Social Security Disability benefits in September 2016. He has incurred a large amount of debt due to his medical treatment and is regularly contacted by collection agencies.

Defendant T-H is a third-party collection agency specializing in the recovery of defaulted medical debt. Plaintiff alleges that on May 17, 2016, he checked his credit report and saw an

---

[1] The following facts are culled from throughout the record, as both Parties have entirely failed to comply with the Federal and Local Rules regarding motions for summary judgment. See Fed. R. Civ. P. 56; Local Rule 7.1(D).

unfamiliar entry listing T-H's name and phone number. Plaintiff called T-H to get information about why it was listed on his credit report. After speaking to two representatives, Mel and Faith, they informed him that he owed a total of $13,831.72 across sixteen accounts. Plaintiff states he inquired into settlement options and was advised that he could get the balance down to $7,500, but the settlement offer was a one-time invitation that had to be accepted that day.

## LEGAL STANDARD

Summary judgment is appropriate where the movant shows, through "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials" that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In resolving a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

In order to withstand a motion for summary judgment, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When presented with a motion for summary judgment, the Court must construe the record "in the light most favorable to the nonmovant and avoid[] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). If the evidence, however, is "merely colorable, or is not significantly probative or merely raises 'some metaphysical doubt as the material facts,' summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50. Thus, in order to overcome the undisputed facts set forth in a defendants' motion for summary judgment, a plaintiff cannot rest on the allegations in

his complaint but must point to affidavits, depositions or other evidence of an admissible sort that a genuine dispute of material fact exists between parties. Fed. R. Civ. P. 56(e)(2); *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

## ANALYSIS

*(1) Local Rule 7.1(D)*

Both Parties failed to comply with Local Rule 7.1(D). The requirements imposed upon litigants by Rule 56 and Local Rule 7.1(D) are "intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Likewise, Defendant's statement in his Reply brief—that his failure to adhere to the Local Rules is immaterial "because the Defendant [sic] was given sufficient notice of the facts and argument, and argued what he felt was immaterial; and disputed what he felt needed to be disputed"—is mistaken. See *Waldridge*, 24 F.3d at 922 ("We have also repeatedly upheld the strict enforcement of these [local] rules …").

The shortcomings in Plaintiff's Response are even more egregious. Therein, Plaintiff is quick to point out Defendant's noncompliance with Local Rule 7.1(D). However, of the 13 statements of fact (more accurately, mixed statements of fact and law), Plaintiff's Response first lists statements 1 through 3 as "undisputed material facts," and then lists statements 1 through 4 as "disputed material facts." Plaintiff reasons that he "lacks sufficient facts, knowledge and/or evidence to concede or dispute Defendant's undisputed facts" because of Defendant's failure to comply with the Local Rules. Doc. 21, at 2. Thereafter, Plaintiff completely neglects to respond

to the remaining statements (5 through 13) and proceeds to rewrite the facts as "additional material facts." Plaintiff's violation of the Local Rules is sufficient by itself to grant summary judgment in favor of Defendant. See *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643–44 (7th Cir. 2008) (argumentative responses that simultaneously deny the veracity of a defendant's proposed material fact and present separate, additional facts risk the possibility that the Court will consider defendant's proposed fact as undisputed); *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir. 1990) (granting summary judgment based on inadequacy of non-movant's factual statement, despite acknowledgement that affidavit underlying that statement was otherwise sufficient to establish dispute of material fact under Rule 56).

*(2) The Fair Debt Collection Practices Act*

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.*, § 1692. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute then goes on to provide a non-exhaustive list of conduct which violates the above prohibition. Here, Plaintiff alleges that Defendant violated §§ 1692e(10) and (11) by offering to settle the debt and failing to disclose that T-H was a debt collector. Sections 1692e(10) and (11) prohibit:

> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
> **(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a

4

>debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

*Id.* Additionally, Plaintiff alleges (but does not articulate how) Defendant violated § 1692(f), which prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. *Id.*, § 1692(f).

In his undated affidavit attached to the Complaint and refiled in response to Defendant's Motion, Plaintiff maintains that at no point during the May 17, 2016 phone call was he advised that T-H was acting as a debt collector with respect to the subject consumer debt. Plaintiff argues that T-H violated 15 U.S.C. §§ 1692e(11) during the May 17, 2016 phone call. Plaintiff claims that he was unfairly misled, resulting in some unspecified actual harm. Plaintiff also argues that Defendant violated § 1692e(10) by falsely imposing an artificial deadline in order to coerce payment of his debt.

Defendant's Motion for Summary Judgment argues that Plaintiff has no standing because he does not allege an actual, concrete injury. Doc. 19; *Spokeo v. Robins*, 136 S. Ct. 1540, 1549 (2016). Defendant asserts that the Plaintiff did not have the assets or income to pay for the settlement offer made on the phone call. The Plaintiff responded to the Defendant's Requests to Admit, and admitted that he "did not have the ability to pay the alleged subject settlement offer of $7,500 referenced in [his] Complaint." Doc. 19-1, at 6, ¶ 5. Therefore, Defendant argues that he was not coerced into the settlement and did not expose the Plaintiff to concrete harm. Further, Defendant argues that the use of the word "Collections" is in its name informed Plaintiff that Defendant was a debt collector. Moreover, if the Plaintiff did not understand this, he nevertheless suffered no particularized concrete harm. Because the Plaintiff has no standing to bring this case, the Defendant argues that it is entitled to summary judgment.

*(3) Standing*

"Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases." *Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818 (C.D. Ill. 2016) citing *Quinn v. Specialized Loan Servicing, LLC*, No. 16-2021, 2016 WL 4264967 at *5 (N.D. Ill. Aug. 11, 2016) (defendant's failure to provide plaintiff with information required under § 1692e constituted a sufficiently concrete harm to confer Article III standing); *Lane v. Bayview Loan Servicing, LLC*, No. 15-10446, 2016 WL 3671467, at *4 (N.D. Ill. Jul. 11, 2016) (finding a sufficiently concrete injury where defendant denied plaintiff right to information required under § 1692g); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (holding plaintiff had Article III standing where defendant tried to collect an illegal collection fee, even if plaintiff did not pay the fee); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1082-83 (7th Cir. 2013) (debtors had standing where debt collectors filed unlawful collection suit but never served plaintiff with complaint); *Owens v. LVNV Funding, LLC*, __F.3d__, 2016 WL 4207965 (7th Cir. Aug. 10, 2016) (post-*Spokeo* decision on similar FDCPA claim with no reference to standing). Thus, Defendant's argument on standing appears to be foreclosed by existing precedent in this Circuit.

*(4) The Merits*

Plaintiff nevertheless fails to establish the existence of a material factual dispute requiring a trial. As previously mentioned, Plaintiff maintained in the undated affidavit attached to the Complaint and refiled in response to Defendant's Motion that at no point during the May 17, 2016 phone call was he advised that T-H was acting as a debt collector with respect to the subject consumer debt. Doc. 1-1. In his deposition, the following exchange took place:

6

> Q. Can you tell us the conversation that you had with—when you—after you dialed this number, what the person that answered the phone said to you and what you said to them?
> A. I can't recall that.
> Q. You don't remember the conversation at all?
> A. No, I can't recall, no.
> …
> Q. So you called—do you recall asking if you could make a settlement?
> A. At the time I didn't have any—
> MR. SPECTOR: Well, listen to his question and answer his question.
> [Qualls]: Answer the question, no. At the time, no. Just to find out what I owed to get an idea.
> Q. Did you know you were calling a collection agency?
> A. I don't recall who, yeah.
> …
> Q. When you had this conversation in May of 2016 with TH Professional and Medical did you discuss a settlement or is that something you don't recall?
> A. I don't recall anything, yeah.

Doc. 21-2, at 15-16. In other words, Plaintiff said one thing in his affidavit—at no time during the conversation did T-H advise him that it was acting as a debt collector—but does not remember anything about the conversation when testifying at his deposition. The same is true regarding the discussion of a settlement. In the affidavit Plaintiff states that he inquired as to whether a settlement was available and states both original debt and proposed settlement values; at his deposition Plaintiff statement indicates, at best, that he did not recall, and, at worst, that he did not in fact ask about a settlement.[2]

Because affidavits submitted in litigation are usually drafted by lawyers rather than by the affiants, when a "deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy." *Russell v. Acme-Evans Co.*, 51 F.3d

---

[2] Plaintiff also did not recall at his deposition his cell phone number at the time he called, where the phone is now, what happened to the alleged recording, who he spoke to, or whether he signed any affidavit. Doc. 21-2.

7

64, 67–68 (7th Cir. 1995). District courts have "held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).

Here, Plaintiff's Response relies almost entirely on the earlier, undated affidavit. "It is true that 'self-serving affidavits can indeed be a legitimate method of introducing facts on summary judgment.'" *Whitaker v. Wisconsin Dep't of Health Services*, 849 F.3d 681, 685 (7th Cir. 2017) (citing *Widmar v. Sun Chemical Corp.*, 772 F.3d 457, 459–60 (7th Cir. 2014)); *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013). However, Plaintiff was subsequently deposed and testified that he did not remember *any* of the conversation with T-H and appeared to contradict the statement in the affidavit regarding settlement negotiations. Likewise, Plaintiff did not testify in his deposition that the alleged settlement offer was in any way time limited. In fact, Plaintiff appears to deny ever signing the affidavit. See Doc. 21-2, at 24 (Q. Have you signed any statements or prepared or been—signed any affidavits relating to this lawsuit? A. No. Q. Other than the complaint? A. Other than—right. No.).

In sum, Plaintiff may not rely on the prior affidavit to create a genuine issue of fact requiring a trial "without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. at 806. Because Plaintiff made no attempt to do so, summary judgment in favor of Defendant is proper. Independently, summary judgment in favor of Defendant is proper because of Plaintiff's absolute failure, despite his admitted knowledge of the Local Rules, to respond to statements 5 through 13 in Defendant's motion. See *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir. 1990).

## CONCLUSION

For the reasons stated above, Defendant's Motion [19] for Summary Judgment is GRANTED.

This matter is now terminated.

Signed on this 20th day of July, 2017.

<u>s/ James E. Shadid</u>
James E. Shadid
Chief United States District Judge